<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MELANIE POLLIS, | : | |
| Plaintiff, | : | Civil Action No. 09-3009 (SRC) |
| v. | : | **OPINION & ORDER** |
| BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SUSSEX et al., | : | |
| Defendants. | : | |

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before the Court on the motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Board of Chosen Freeholders of the County of Sussex, Office of the Sussex County Sheriff, Robert Untig, Allison Murray, Ron Duenskie, and Scott Manno (collectively, "Defendants"). For the reasons that follow, the motion to dismiss will be granted.

On June 19, 2009, Plaintiff Melanie Pollis ("Plaintiff") filed the Complaint, followed by an Amended Complaint on June 24, 2009. The Amended Complaint contains eleven counts: 1) violation of the First Amendment, pursuant to § 1983; 2) violation of the Eighth Amendment, pursuant to § 1983; 3) violation of the Fifth Amendment, pursuant to § 1983; 4) conspiracy to interfere with civil rights, pursuant to § 1985; 5) negligence; 6) assault; 7) battery; 8) intentional infliction of emotional distress; 9) conspiracy to commit tort; 10) harassment; and 11) negligent infliction of emotional distress. On August 25, 2009, Defendants filed the instant motion to

dismiss the Amended Complaint for failure to state a valid claim for relief.

Defendants move to dismiss the Amended Complaint on several grounds. Among them is the argument that "Plaintiff has pled the elements of each cause of action generally, with no plausible factual support." (Defs.' Br. 4.) This Court agrees to the extent that the causes of action have been pled only generally, and the factual allegations in such copious detail, that the Court is unable to find that the Amended Complaint adequately pleads valid claims.

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

This Court agrees with Defendants that the Amended Complaint does not meet the requirements of Rule 8(a). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has failed to make a plain statement of the claims showing that the pleader is entitled to relief.

As stated above, Twombly clarified the requirements for the pleading of facts under Rule 8: "Factual allegations must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. The instant case presents a situation precisely opposite to that faced by the Supreme Court in Twombly and Iqbal. In the instant case, the factual allegations of the Amended Complaint provide a virtual blow-by-blow account of many of Plaintiff's experiences in a correctional facility, describing an extensive series of events involving improper conduct. Following this extensive recitation, Plaintiff sets forth eleven counts in which she asserts in conclusory fashion that the preceding allegations give rise to each of the eleven causes of action. Unfortunately, by proceeding in this manner, Plaintiff asks this Court to somehow divine which particular factual allegation provides the underpinning for the various causes of action. Given the prolixity of Plaintiff's Amended Complaint, this is something which is beyond the Court's ability to do. Indeed, the Court has no obligation to marshal the factual allegations that provide

the basis of each claim.[1]  In short, the Amended Complaint constitutes the exact antithesis of the "short and plain statement of the claim" required by Rule 8.

In view of these defects, the Court concludes that the proper remedy is to dismiss the Amended Complaint without prejudice, and to direct the Plaintiff to file within 30 days an Amended Complaint which complies with Rule 8 by plainly stating the factual allegations providing the basis for each claim.  Defendants may then move to dismiss the new complaint, but Defendants are advised that, if they do so, they should refrain from making arguments relating to facts outside the complaint.

For these reasons,

**IT IS** on this 15th day of December, 2009,

**ORDERED** that Defendants' motion to dismiss the Amended Complaint (Docket Entry No. 19), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**, and the Amended Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to amend the Amended Complaint within 30 days of the entry of this Order.

   /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

---

[1] Rather, to state a valid claim, considering Twombly and Rule 8 together, Plaintiff has the obligation to plainly state the grounds of her entitlement to relief, including the factual allegations that raise the right to relief above the speculative level.