NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MELANIE POLLIS, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  09-3009 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| BOARD OF CHOSEN FREEHOLDERS | : | |
| OF THE COUNTY OF SUSSEX et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint for failure to

state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by

Defendants Board of Chosen Freeholders of the County of Sussex, Office of the Sussex County

Sheriff, Robert Untig, Allison Murray, Ron Duenskie, and Scott Manno (collectively,

"Defendants").  For the reasons that follow, the motion to dismiss will be granted.

On  June 19, 2009, Plaintiff Melanie Pollis ("Plaintiff") filed the Complaint, followed by

an Amended Complaint on June 24, 2009.  On December 15, 2009, this Court entered an

Opinion and Order dismissing the Amended Complaint without prejudice.  This quote gives the

gist of this Court's reasoning:

> In the instant case, the factual allegations of the Amended Complaint provide a
> virtual blow-by-blow account of many of Plaintiff's experiences in a correctional
> facility, describing an extensive series of events involving improper conduct.
> Following this extensive recitation, Plaintiff sets forth eleven counts in which she
> asserts in conclusory fashion that the preceding allegations give rise to each of the
> eleven causes of action.  Unfortunately, by proceeding in this manner, Plaintiff

asks this Court to somehow divine which particular factual allegation provides the underpinning for the various causes of action.

(Opinion and Order of December 15, 2009 at 3.)  Plaintiff was granted leave to further amend the

Amended Complaint, which she did.  Defendants have now moved to dismiss the Second

Amended Complaint.

Remarkably, it appears that Plaintiff drafted the Second Amended Complaint largely just

by cutting the bulk of the factual allegations out of the Amended Complaint.  With the exception

of a more extensive, but still conclusory and generalized, list of allegations of punishment in

Count Two, the claims in the Second Amended Complaint appear to be substantially identical to

those in the Amended Complaint.  The pleading defects have not gone away.  If anything, they

are more severe, because the underlying factual allegations have been eliminated.  The Second

Amended Complaint is farther from meeting the requirements of Rule 8 than the Amended

Complaint was.

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to

articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.

Twombly, 127 S. Ct. 1955, 1974 (2007).   "The defendant bears the burden of showing that no

claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Twombly, 127 S. Ct. at 1964

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

2

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

> Factual allegations must be well-pleaded to give rise to an entitlement to relief:
>
> > [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

This Court agrees with Defendants that the Second Amended Complaint does not meet the requirements of Rule 8(a).  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff has failed to make a plain statement of the claims showing that the pleader is entitled to relief.

In view of these defects, the Court concludes that the proper remedy is to dismiss the Amended Complaint without prejudice, and to direct the Plaintiff to file within 30 days an Amended Complaint which complies with Rule 8 by plainly stating the specific factual allegations providing the basis for each claim.

For these reasons,

**IT IS** on this 22nd day of April, 2010,

3

**ORDERED** that Defendants' motion to dismiss the Second Amended Complaint (Docket

Entry No. 31), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**, and the

Second Amended Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to amend the Second Amended Complaint

within 30 days of the entry of this Order.


      /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge