NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MELANIE POLLIS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  09-3009 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SUSSEX et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Third Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Board of Chosen Freeholders of the County of Sussex, Office of the Sussex County Sheriff, Robert Untig, Allison Murray, Ron Duenskie, and Scott Manno (collectively, "Defendants"). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

## ANALYSIS

I.     **Governing Legal Standards**

    A.     <u>Standard for a Rule 12(b)(6) Motion to Dismiss</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (internal citations omitted).

Factual allegations must be well-pleaded to give rise to an entitlement to relief:

[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

2

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**II.     Defendants' 12(b)(6) motion to dismiss**

This is now Defendants' third motion to dismiss.  This Court has twice dismissed the Complaint without prejudice because of pleading defects, and thus the current Third Amended Complaint has been twice critiqued by this Court and revised by Plaintiff.  In addition, Plaintiff's counsel requested additional guidance from the Court on how to amend the Amended Complaint, and this Court issued the letter of May 18, 2010 to clearly state the relevant law.  Plaintiff has been given ample opportunity to remedy the pleading defects of the Complaint.

3

The defects that this Court has found have been very basic. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In <u>Twombly</u>, the Supreme Court set forth the plausibility standard for the pleading of facts in this short and plain statement: the complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 127 S. Ct. at 1974. Plaintiff has had difficulty with this requirement.

Defendants move to dismiss the Third Amended Complaint on several grounds. First, Defendants argue generally that the Third Amended Complaint does not meet the plausibility standard for the pleading of facts. This Court finds that, in regard to the pleading of facts, the Third Amended Complaint has made some headway toward passing muster under <u>Twombly</u>. Yet, remarkably – since this Court has now instructed Plaintiff three times about the need to support conclusory legal assertions with factual allegations – there are still six claims in which there is not adequate pleading of facts. In Counts Four, Eight, Nine, Ten, and Eleven, Plaintiff has pled no underlying facts whatever. In Count Twelve, Plaintiff has pled no facts as to the alleged injurious behavior and the injuries sustained. Counts Four, Eight, Nine, Ten, Eleven and Twelve do not allege "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974. These six claims will be dismissed. Because Plaintiff has been unable to remedy these pleading defects on the third try, this Court concludes that further amendment is futile, and these claims will be dismissed with prejudice.

Defendants next move to dismiss Count One, for violation of § 1983, and Count Two, for violation of N.J.S.A. 10:6-2, premised on deprivation of certain Constitutionally-protected rights. Defendants first argue that Plaintiff has not pled facts to support a claim for deprivation of her

right to petition the government for redress of grievances, pursuant to <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Plaintiff responds that her claim is not premised on a deprivation of the right to petition for redress but, rather, on government retaliation for the exercise of that right, pursuant to <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001). Although <u>Rauser</u> deals with the sufficiency of proof rather than pleading, in a non-precedential opinion, the Third Circuit has explained how to apply <u>Rauser</u> to formulate the pleading requirements for such a claim:

> To show that prison officials retaliated against a prisoner for exercising his constitutional rights, the prisoner must plead three elements: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take adverse action.

<u>Garcia v. Kimmell</u>, 2010 U.S. App. LEXIS 10737 (3d Cir. May 26, 2010). Counts One and Two easily satisfy this standard. Plaintiff alleges that she began to prepare a written grievance and that corrections office Murray, as a consequence, subjected her to a four-hour lock-in as an intimidating act of retaliation. (Third Am. Compl. Count One ¶ 11, Count Two ¶ 13.) Counts One and Two state a valid claim for a retaliatory violation of the constitutionally-protected right to petition for redress.

Defendants next contend that none of Plaintiff's allegations in Counts One and Two can support a claim that she was subjected to cruel and unusual punishment. Defendants have, however, overlooked the allegations regarding refusal of medical treatment. Plaintiff has alleged, *inter alia*, that the jail's medical staff refused to provide her with a medication that had been prescribed by a physician.[1] (Third Am. Compl. Count One ¶ 41.) "Regardless of how evidenced,

---

[1] This is chosen as one example. Plaintiff has alleged other facts which support a claim of deliberate indifference to her medical needs: 1) failure to provide medical care in defiance of a

deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Plaintiff has sufficiently alleged deliberate indifference to serious illness to state a claim for violation of the Eighth Amendment.

Lastly, Defendants argue that Counts One and Two fail to state a claim for violation of liberty and property interests. Counts One and Two allege, without explanation, that Defendants deprived Plaintiff of liberty and property without due process of law. Plaintiff's opposition brief's only discussion of liberty interests consists of this sentence: "In this case, the Defendants' treatment of the Plaintiff while she was in 'protective custody' clearly runs afoul with New Jersey's administrative laws governing a prisoner's liberty interests." (Pl.'s Opp. Br. 23.) This does not sufficiently explain the factual basis for a claim of deprivation of liberty interests to defeat Defendants' motion. As to the aspect of Claims One and Two pertaining to deprivation of liberty interests, Claims One and Two will be dismissed without prejudice. Should Plaintiff wish to amend Claims One and Two to articulate a claim for deprivation of liberty interests, she may seek leave to do so. As to the aspect of Claims One and Two pertaining to property interests, Plaintiff offers no rebuttal to Defendants' assertion that Plaintiff has failed to plead any actionable property loss. As to the aspect of Claims One and Two pertaining to deprivation of property, Claims One and Two will be dismissed with prejudice.

Defendants next contend that Count Five fails to state a claim for negligence, but Defendants overlook the fact that Count Five states two different negligence theories: 1) negligence in failing to prevent the attack by Inmate Vahaly; and 2) negligence in failing to

---

court order; 2) initial refusal to provide medical care after Inmate Vahaly struck Plaintiff; and 3) refusal to comply with physician instructions regarding followup medical care.

exercise reasonable care for Plaintiff's medical needs.  Defendants address the first theory, but not the second.  As to the second theory, there is no motion to dismiss before the Court, and that aspect of Count Five survives this motion.

     As to the first theory, Defendants argue that Count Five fails to state a valid claim because it pleads no facts from which the inference could be drawn that Inmate Vahaly's assault on Plaintiff was forseeable.  Plaintiff does not state any opposition to this position, but only contends generally that the "common law causes of action speak for themselves."  In this case, Count Five does not speak for itself.  Because Plaintiff has failed to make any specific response to Defendants' argument, and because this Court does not find that Count Five pleads facts from which the inference could be drawn that Inmate Vahaly's assault on Plaintiff was forseeable, as to the first negligence theory, Count Five will be dismissed with prejudice.

     Lastly, Defendants contend that Counts Six and Seven fail to plead sufficient facts to state common law tort claims for assault and battery against the prison personnel.  It is clear that Plaintiff has pled sufficient facts to state assault and battery claims against Inmate Vahaly.  Defendants, however, credit Plaintiff with having implicated the prison personnel defendants by having pled a conspiracy theory.  This Court does not find that Counts Six or Seven plead any conspiracy theory.  As to the prison personnel defendants, Count Six only states: "[they] jointly and severally intentionally caused the Plaintiff to suffer reasonable apprehensions of battery." (Third Am. Compl. Count Six ¶ 2.)  This fails to state any facts that would make plausible a claim for either assault, or conspiracy to assault, against the prison personnel defendants.  As to the prison personnel defendants, Count Seven only states: "Inmate Vahaly individually and / or acting in consort with Sheriff Untig, Lt. Manno, Sgt. Duenski and/ or C/O Murray intentionally

and non-consensually touched and / or struck the Plaintiff in an offensive manner." This fails to state any facts that would make plausible a claim for either battery, or conspiracy to commit battery, against the prison personnel defendants. (Third Am. Compl. Count Seven ¶ 2.) As to the prison personnel defendants, Claims Six and Seven will be dismissed without prejudice. Should Plaintiff wish to amend Claims Six and Seven to plead additional facts, she may seek leave to do so.

## **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss the Third Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), is granted in part and denied in part. As to Counts Four, Eight, Nine, Ten, Eleven and Twelve, the motion to dismiss is granted, and the Third Amended Complaint is dismissed with prejudice. As to the aspect of Claims One and Two pertaining to deprivation of property, the Third Amended Complaint is dismissed with prejudice. As to the aspect of Claims One and Two pertaining to deprivation of liberty, the Third Amended Complaint is dismissed without prejudice. As to the aspect of Claims One and Two pertaining to both the right to petition the government for redress of grievances and the right to be free of cruel and unusual punishments, the motion to dismiss is denied. As to only the aspect of Count Five premised on negligent failure to protect Plaintiff's safety, the motion to dismiss is granted, and Count Five is dismissed with prejudice. As to Counts Six and Seven, the motion to dismiss is granted, and the Third Amended Complaint is dismissed without prejudice.

    /s Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: July 26, 2010