NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE POLLIS, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SUSSEX et al., <br><br> Defendants. | Civil Action No.  09-3009 (SRC) <br><br> **OPINION** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, filed by Defendants Board of Chosen Freeholders of the County of Sussex, Office of the Sussex County Sheriff, Robert Untig, Allison Murray, Ron Duenskie, and Scott Manno (collectively, "Defendants").  For the reasons that follow, the motion will be granted.

**ANALYSIS**

**I.    Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of

the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine

issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**II.    Defendants' motion for summary judgment**

This Court begins by addressing the first issue raised by Plaintiff in her opposition brief: did her Eighth Amendment and New Jersey Civil Rights Act claims, premised on Defendants' alleged failure to protect her from inmate assault, survive this Court's Opinion and Order of July 27, 2010, which granted in part Defendants' motion to dismiss? Plaintiff contends that this Court's Opinion did not clearly answer that question. That is because Plaintiff did not raise it.

Defendants had moved to dismiss those parts of Count One and Count Two that asserted claims that Plaintiff was subjected to cruel and unusual punishment. (Defs.' MTD Br. 11-13.) Plaintiff's brief in opposition contained a section devoted to Plaintiff's claims of cruel and unusual punishment. (Pl.'s MTD Opp. Br. 17-29.) In that section, Plaintiff argued that: 1) the conditions of her protective custody constituted cruel and unusual punishment (Pl.'s MTD Opp. Br. 17-23); and 2) the denial of access to medical care constituted cruel and unusual punishment (Pl.'s MTD Opp. Br. 23-29). Plaintiff neither asserted that the Third Amended Complaint contained a claim that Defendants' alleged failure to protect her from inmate assault constituted

3

cruel and unusual punishment, nor objected to Defendants' motion to dismiss the Count One and Count Two claims regarding cruel and unusual punishment on any other basis. Having failed to assert that the Third Amended Complaint contains claims that her rights under the Eighth Amendment and New Jersey Civil Rights Act, premised on Defendants' alleged failure to protect her from inmate assault, were violated, Plaintiff will not be heard to raise any such assertion now.[1]

Thus, in brief: no such failure to protect from assault claims survived the Opinion and Order of July 27, 2010. What survived are: the Count One and Count Two claims under § 1983 and the New Jersey Civil Rights Act ("NJCRA") for retaliation based on Plaintiff's exercise of her right to petition, the Count One and Count Two claims for deliberate indifference to Plaintiff's medical needs, and the Count Five claim for negligence in regard to Plaintiff's medical needs.

Defendants first move to dismiss Plaintiff's Count One § 1983 constitutional claims on the ground that Defendants are entitled to immunity. Defendants contend that the defendants can be placed into three groups: 1) the "Public Entity Defendants" (Sussex County Freeholders and Office of the Sussex County Sheriff); 2) Defendant Robert Untig; and 3) the "Prison Defendants" (Defendants Murray, Duenskie, and Manno.)

Defendants argue that, as a matter of law, the Public Entity Defendants may not be held liable on a theory of respondeat superior liability: "a local government may not be sued under §

---

[1] Moreover, as Defendants observe, Plaintiff's counsel filed a certification with this Court, in support of a motion to amend, since withdrawn, which stated: "[I]t is clear from a careful reading of all three complaint drafting attempts that an 8th amendment failure to protect Ms. Pollis from cruel and unusual punishment claim as it relates to the assault was never put forth." (Patti 1/14/11 Dec. ¶ 4.) Counsel's about-face appears to be clumsy gamesmanship.

1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Plaintiff's opposition brief does not address this issue, and this Court construes Plaintiff's silence as an abandonment of any § 1983 claim against the Public Entity Defendants.

Defendants next argue that, because Plaintiff has not alleged that Defendant Untig, the Sussex County Sheriff, was present or directly involved with any of the alleged constitutional violations, he could only be liable on a respondeat superior theory, and any such § 1983 claim must fail under Monell. In response, Plaintiff argues that Untig is liable under a Monell policy or custom theory. No such claim exists in the Third Amended Complaint.

Defendants next argue that the Prison Defendants are immune from liability under § 1983 under the doctrine of qualified immunity: "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Defendants argue that Plaintiff has failed to allege a violation of such a clearly established constitutional right. Rather, at the most, Defendants argue, Plaintiff has alleged mistaken judgments, which are not actionable under the doctrine, pursuant to Malley v. Briggs, 475 U.S. 335, 343 (1986). Again, Plaintiff fails to respond to this argument. While her opposition brief offers some vague comments in regard to her nonexistent failure to protect claim, she does not respond to the qualified immunity argument when discussing her retaliation and inadequate medical care claims. Again, this Court construes Plaintiff's silence as a concession that Defendants are correct that the Prison Defendants are immune from liability for § 1983 violations under the doctrine of qualified immunity.

As to the claims under § 1983, Defendants have demonstrated that they are entitled to judgment as a matter of law. As to Plaintiff's § 1983 claims, the motion for summary judgment will be granted. Judgment on Count One of the Third Amended Complaint will be entered in favor of Defendants.

Defendants next argue that Plaintiff lacks any evidence to support her Count Two claims, pursuant to NJCRA, for retaliation and inadequate medical care. The burden then shifts to Plaintiff to point to sufficient evidence to allow a jury to find in her favor at trial. Gleason, 243 F.3d at 138. Remarkably, Plaintiff's opposition brief does not mention her NJCRA claims. Rather, the brief concludes: "Plaintiff has clearly laid out a violation of her 8th Amendment rights and has clearly shown deliberate indifference on behalf of Defendants." (Pl.'s Opp. Br. 12.) This Court construes this as an abandonment of Count Two. As to Count Two, the motion for summary judgment will be granted.

Lastly, Defendants move for summary judgment on Count Five, Plaintiff's claim of negligence with regard to her medical care, on two grounds: 1) Plaintiff failed to file the notice of claim required under New Jersey's Tort Claims Act; and 2) Plaintiff has no evidence. The New Jersey Tort Claims Act does indeed bar claims against public entities and employees if the claimant "failed to file his claim with the public entity within 90 days of accrual of his claim . . ." N.J. Stat. Ann. § 59:8-8(a).

As to the issue of the notice of claim, Plaintiff's opposition brief – yet again – fails to address the issue. Nor does the brief in any way address Count Five. Again, this Court construes this as an abandonment of Count Five. As to Count Five, the motion for summary judgment will be granted.

In sum, Plaintiff's opposition brief largely fails to respond to Defendants' arguments, and has failed to defeat the motion for summary judgment accordingly. This Court is not obliged to address what the opposition brief does argue but, bending over backwards to give this Plaintiff an opportunity to be heard, this Court will do so.

Plaintiff's opposition brief begins by arguing that Plaintiff was deprived of her rights under the federal constitution by Defendants' failure to protect her from being harmed by another inmate. As discussed above, no such claim is in the Third Amended Complaint.

Plaintiff next argues for her § 1983 retaliation claim. Setting aside, for purposes of discussion, that Plaintiff has failed to oppose Defendants' affirmative defense of qualified immunity, this Court finds that Plaintiff could not prevail even in the absence of this defense. In regard to retaliation, Count One of the Third Amended Complaint asserts: "The Defendants jointly and severally violated the Plaintiff's right to petition the government for redress of grievances by retaliating against her for having done so." (Third Am. Compl. ¶ 119.) In her opposition brief, Plaintiff argues that the conduct by Defendants which constitutes retaliation is "the disparate treatment and retaliatory disposal of Plaintiff's belongings. . ." (Pl.'s Opp. Br. 7.) The mention of disparate treatment refers to the allegation that, after Plaintiff and Defendant Vahaly were disciplined and placed on lockdown, Vahaly was allowed out of lockdown but Plaintiff was not. Plaintiff's L. Civ. R. 56.1 Statement of Facts cites evidence of the disparate treatment, but neither alleges nor cites any evidence to support an inference that she had engaged in protected conduct which motivated the disparate treatment. Plaintiff's 56.1 Statement does point to evidence (Plaintiff's deposition testimony) that Defendant Murray threw some of Plaintiff's possessions in the garbage in retaliation for Plaintiff's stating that she intended to file

7

a complaint about the disparate treatment. (Pl.'s 56.1 Stmt. ¶ 17.) This fails to support the claim stated in the Third Amended Complaint. Plaintiff has not shown evidence that she petitioned the government for redress of grievances and experienced retaliation for having done so. Rather, at the most, she has cited evidence that might support a claim of retaliation under the speech clause, but not under the petition clause. Distinguishing the speech clause from the petition clause, the Supreme Court recently stated: "Courts should not presume there is always an essential equivalence in the two Clauses." Borough of Duryea v. Guarnieri, 131 S. Ct. 2488, 2495 (2011). Plaintiff here has not offered any evidence from which a reasonable jury could conclude that Plaintiff's exercise of the right to petition motivated Defendant Murray to throw Plaintiff's possessions into the garbage.

Plaintiff's opposition brief also argues that there was an incident in which Defendant Manno interfered with Plaintiff's filing a grievance. Plaintiff's 56.1 Statement says nothing about this. Plaintiff has offered no evidence to support this argument.[2]

Thus, even if Plaintiff had not failed to defeat Defendants' motion for summary judgment on the defense of qualified immunity, as to the claim that Defendants retaliated against her for her exercise of her right to petition for the redress of grievances, Plaintiff has not pointed to evidence sufficient to allow a jury to find in her favor at trial.

Plaintiff next argues in the opposition brief that she was denied medical care. The evidence cited in Plaintiff's 56.1 Statement paints a very different picture. Plaintiff states that, when she came to jail, she had physical limitations and was required to clean her cell and make

---

[2] It is worth noting that Plaintiff admits that she filed approximately 250 grievances and other requests while she was in jail. (Patti Dec. Ex. C 99:17-23.) This suggests that she amply exercised her right to petition.

her bed, which caused her pain. (Patti Dec. Ex. C 79:9-25.) Plaintiff stated that she was given Tylenol for the pain instead of her prescription medication, Ultram. (Id. at 80:18-22.) As a matter of law, this does not constitute "deliberate indifference to a prisoner's serious illness or injury." Estelle v. Gamble, 429 U.S. 97, 105 (1976).

The Third Circuit has held: "This [Estelle] standard is two-pronged. It requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). Moreover, the Third Circuit has held that the Estelle standard differentiates no medical care from some medical care:

> Appropriately, this test affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment."

Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. Pa. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)). Plaintiff's evidence fails to prove either deliberate indifference on the part of prison officials or Plaintiff's serious medical needs. Moreover, it appears that Plaintiff is challenging the adequacy of the medical care she did receive – treatment of pain with Tylenol. The evidence offered by Plaintiff does not demonstrate conduct that rises to the level of cruel and unusual punishment.

Thus, even if Plaintiff had not failed to defeat Defendants' motion for summary judgment on the defense of qualified immunity, as to the claim that Defendants' failure to provide medical care constitutes cruel and unusual punishment, Plaintiff has not pointed to evidence sufficient to allow a jury to find in her favor at trial.

Plaintiff's opposition brief next returns to the issue of the alleged failure to protect

Plaintiff from another inmate's attack, already discussed.  Lastly, Plaintiff argues for public entity liability under a <u>Monell</u> policy or custom claim.  As already stated, no such claim exists in the Third Amended Complaint.  Furthermore, even if it did, Plaintiff could not defeat the motion for summary judgment, since her 56.1 Statement points to no evidence regarding policy or custom.  Plaintiff's brief and 56.1 statement do not provide even the most basic description of what policy or custom might be at issue, much less an evidentiary basis to support the allegation.

Plaintiff has failed to defeat Defendants' motion for summary judgment, which will be granted.

## **<u>CONCLUSION</u>**

For the reasons stated above, Defendants have demonstrated, pursuant to Federal Rule of Civil Procedure 56, that there are no genuine issues of material fact and that the evidence establishes that they are entitled to judgment as a matter of law.  Defendants' motion for summary judgment is granted.  Judgment on the Third Amended Complaint in its entirety will be entered in Defendants' favor.

       /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  April 2, 2012