<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE POLLIS, : <br> : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BOARD OF CHOSEN FREEHOLDERS : <br> OF THE COUNTY OF SUSSEX et al., : <br> : <br> Defendants. : | Civil Action No. 09-3009 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, filed by Defendants Board of Chosen Freeholders of the County of Sussex, Office of the Sussex County Sheriff, Robert Untig, Allison Murray, Ron Duenskie, and Scott Manno (collectively, "Defendants"). For the reasons that follow, the motion will be granted in part and denied in part.

**BACKGROUND**

On April 3, 2012, this Court entered an Opinion and an Order granting Defendants' motion for summary judgment on the Third Amended Complaint in its entirety. Plaintiff appealed to the Court of Appeals for the Third Circuit. The Third Circuit vacated that part of this Court's summary judgment decision which dealt with Plaintiff's Eighth Amendment claim for failure to protect her from an attack by another inmate, and remanded the case for further proceedings on that claim. Defendants now have moved for summary judgment on that claim.

## ANALYSIS

**I.      Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must

establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**II.     Defendants' motion for summary judgment**

Because Plaintiff bears the burden of proof on her Eighth Amendment claim for failure to protect, Defendants meet their initial summary judgment burden by pointing to the absence of evidence to support Plaintiff's case.  The summary judgment burden then shifts to Plaintiff to point to evidence sufficient to allow a reasonable jury to find in her favor at trial.

The parties agree that the key case setting forth the relevant law is Farmer v. Brennan, 511 U.S. 825, 832-33 (1994), which held that the Eighth Amendment requires prison officials to

"take reasonable measures to guarantee the safety of the inmates. . . .[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." The Third Circuit has articulated the standards to be derived from Farmer as follows:

> An Eighth Amendment claim against a prison official must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have a sufficiently culpable state of mind. In prison conditions cases, that state of mind is one of "deliberate indifference" to inmate health or safety. "Deliberate indifference" is a subjective standard under *Farmer*--the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (citations omitted).

The present motion turns on the issue of the culpable state of mind. To succeed on this claim, *inter alia*, Plaintiff must point to evidence sufficient to establish a defendant's culpable state of mind – that a defendant must have actually known or been aware of an excessive risk to inmate safety. As to this issue, Plaintiff points only to evidence regarding Defendant Murray, contained in the declaration of Denise Sebastiano, which states that, a day or two before Plaintiff was attacked, Sebastiano overheard the alleged attacker telling Murray that "Pollis needs to go down" and "I'm gonna take care of her." (Patti Cert. Ex. A ¶ 6.) This is sufficient evidence to allow a reasonable jury to find that Murray must actually have known about an excessive risk to Plaintiff's safety. This is sufficient to defeat the motion for summary judgment as to Defendant Murray.

Plaintiff points to no other evidence that any other defendant possessed the requisite culpable state of mind. Plaintiff contends, however, that Murray's violation of Plaintiff's constitutional rights somehow gives rise to a Monell claim against the governmental entity defendants. Plaintiff argues vaguely for the existence of a policy or custom, but there is neither

4

evidence to support this nor even a clear theory of what policy or custom is implicated in Murray's alleged deliberate indifference. As Defendants note, Plaintiff's Supplemental Rule 56.1 Statement points to no evidence regarding any policy or custom. There is thus no evidence to support a Monell claim.

Plaintiff has succeeded in defeating the motion for summary judgment as to the Eighth Amendment claim against Defendant Murray only, and the motion will be denied as to that Defendant. As to all other Defendants, Plaintiff has failed to raise material factual issues, and Defendants have shown that they are entitled to judgment as a matter of law. As to all Defendants except Murray, the motion for summary judgment will be granted, and Judgment on the Eighth Amendment claim against these Defendants shall be entered in their favor.

For these reasons,

**IT IS** therefore on this 5th day of June, 2014

**ORDERED** that Defendants' motion for summary judgment (Docket Entry No. 141) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Defendant Murray only, the motion for summary judgment is **DENIED**; and it is further

**ORDERED** that, as to all Defendants except Murray, the motion for summary judgment is **GRANTED**, and Judgment on the Eighth Amendment claim in the Complaint is hereby entered in these Defendants' favor.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge